UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

DONNY THOMAS and )
SANDRA THOMAS )
 )
v. ) NO. 2:09-CV-254
 )
FRANCIS X. SANTORE, JR. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the defendant's Motion to Dismiss, [Doc. 5], pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Because the defendants facially attack subject matter jurisdiction, this Court must accept the plaintiff's material allegations in the complaint as true. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Because lack of subject matter jurisdiction is a non-waivable, fatal defect, it may be raised by any party at anytime, including being raised *sua sponte* by this Court. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

The Complaint alleges that the defendant is a citizen of the State of Oklahoma. The defendant argues that because the plaintiffs are citizens of the State of Tennessee and because he is a citizen of the State of Tennessee, contrary to the allegation

in the Complaint, then diversity of citizenship does not exist. In support of the defendant's motion, he filed an affidavit stating that he is a citizen of the State of Tennessee. He also attached a copy of his Tennessee driver's license and his Tennessee voter's registration card. He admits that he owns property in Oklahoma; however, it is not his domicile. The plaintiffs did not file a response to the defendant's motion to dismiss.

Again, the plaintiffs have the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes*, 80 F.3d at 1130. The plaintiffs failed to file a response, thus, they did not attempt to carry this burden. Furthermore, "[f]ailure to respond to a motion may be deemed a waiver of any opposition to that relief sought." E.D.TN. LR 7.2. In addition, the defendant's affidavit establishes that he is a citizen of the State of Tennessee. As such, complete diversity of citizenship does not exist, and this Court lacks subject matter jurisdiction. Accordingly, the defendant's motion, [Doc. 5], is **GRANTED**, and the case against the defendant is hereby **DISMISSED**.

ENTER:

                                                s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE